UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONTRAC LOGISTICS, INC. AND LASERSHIP, INC. D/B/A ONTRAC FINAL MILE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BRIAN HOOLAHAN AND SPEED XPRESS, INC.<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-13140-RMB-MJS<br><br>**STIPULATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER** |

Plaintiffs OnTrac Logistics, Inc. and LaserShip, Inc. d/b/a OnTrac Final Mile (collectively, "OnTrac") and Defendant Speed Xpress, Inc. ("SpeedX"), on the other, (OnTrac and SpeedX being collectively referred to herein as the "Parties") hereby stipulate and agree to the entry of a temporary restraining order (the "Stipulated TRO") as follows:

**WHEREAS**, OnTrac commenced this action by filing the Complaint [Doc. No. 1] on July 10, 2025, alleging, *inter alia*, that Defendant Brian Hoolahan ("Hoolahan") breached certain employment agreements containing post-employment restrictive covenants (the "Restrictive Covenants"), that SpeedX tortiously interfered with the Restrictive Covenants, and that Hoolahan and SpeedX misappropriated OnTrac's trade secrets;

**WHEREAS**, on July 11, 2025, OnTrac filed a Motion for Order to Show Cause for entry of a Temporary Restraining Order and a Preliminary Injunction [Doc No. 2] (the "Motion") seeking an order temporarily enjoining Hoolahan and SpeedX from continuing Hoolahan's employment with SpeedX, soliciting SpeedX's employees and customers in

violation of or interference with the Restrictive Covenants, taking action that constitutes a use, disclosure, or misappropriation of OnTrac's confidential information or trade secrets in violation of the Restrictive Covenants, the federal Defend Trade Secrets Act or the New Jersey Uniform Trade Secrets Act; and conspiring with others, including, without limitation, SpeedX or any person or entity affiliated in any way with SpeedX, to act in a manner contrary to such restrictions;

**WHEREAS,** Hoolahan was served with the OTSC and supporting papers on July 14, 2025, and July 15, 2025, and Defendant SpeedX was served with the OTSC and supporting papers on July 15, 2025, and July 16, 2025;

**WHEREAS**, SpeedX disputes and denies the allegations contained in both the Complaint and the Motion and reserves all rights and defenses at law and equity in connection therewith;

**WHEREAS**, the Court scheduled a hearing on the aforementioned Motion for July 24, 2025, at 10:00 a.m. [Doc No. 9];

**WHEREAS**, the Parties met and conferred regarding the aforementioned Motion to determine whether the Parties could resolve any issues before the Court; and

**WHEREAS**, the Parties agree to the entry of the Stipulated TRO, of a limited length and scope pursuant to the terms further set forth below, in the interests of avoiding unnecessary costs and waste of judicial resources while the parties determine whether they are able to resolve the broader dispute in this case.

**THEREFORE, PURSUANT TO THE AGREEMENT AND STIPULATION OF THE PARTIES, THE PARTIES RESPECTFULLY REQUEST THAT THE COURT HEREBY ORDER THAT**:

1. Until the later of 28 days from the date of this Order or the date on which the expedited discovery described in Paragraph 4 below is completed, SpeedX, and all persons acting in concert or participation with it who receive notice of this Order, shall be temporarily enjoined from taking action of any character that results in violation of or interference with the Restrictive Covenants contained in the October 15, 2015, Employment Agreement (the "Employment Agreement") and the September 2, 2021, Restrictive Activities Agreement (the "RAA"), including without limitation by:

    a. Hoolahan's continued employment with or performance of any services of any kind whatsoever (whether paid or unpaid and as an employee or otherwise) on behalf of SpeedX or any of its subsidiaries, parents, or other related entities; and

    b. Hoolahan directly or indirectly (1) soliciting, contacting, communicating with, or transacting business with, or otherwise interfering with, impairing, subverting, disrupting, or altering the relationship (contractual or otherwise) with, any Customer (as defined in the Employment Agreement and/or RAA), prospective customer, supplier, distributor, developer, service provider, licensor or licensee, or other material business relationship of OnTrac (the "No-Contact Restrictions"), including without limitation any customer with which Hoolahan had any contact during employment with OnTrac, about which he learned any confidential information during employment

3

with OnTrac, or the identity of which he learned during employment with OnTrac (the "Key Business Relationships"); (2) diverting or taking away the business or patronage (with respect to products or services of the kind or type developed, produced, marketed, furnished, or sold by OnTrac) of any Key Business Relationship; or (3) attempting to do any of the foregoing, either for Hoolahan's own purposes or for any third-party. For the avoidance of doubt, for purposes of the Stipulated TRO, the Parties agree that brokers engaged or retained by any Customer with which Hoolahan had any contact during employment with OnTrac or about which he learned any confidential information during employment with OntTrac shall constitute Key Business Relationships for purposes of this Stipulated TRO that Hoolahan is enjoined from soliciting, transacting business with, or otherwise interfering with, impairing, subverting, disrupting, or altering the broker's relationship (contractual or otherwise) with OnTrac; and

c.  Hoolahan, directly or indirectly, soliciting any employee or independent contractor or consultants of OnTrac with the purpose or effect of inducing or encouraging, or otherwise assisting (whether on behalf of an OnTrac competitor or otherwise), as applicable, the employee to end employment or contractual relationship with OnTrac.

2. SpeedX is temporarily enjoined from using, disclosing, relying upon, transferring, or copying any OnTrac files, data, or other confidential business information in its possession, except in connection with discovery in this litigation, wherever stored or located, including without limitation the files and other electronically-stored information stored on Hoolahan's personal services, electronic devices, or databases; contained in any personal email account; or otherwise saved in or copied to any external storage media or cloud storage account.

3. SpeedX, and all those acting in concert with it, are enjoined from: (1) tortiously interfering with OnTrac's contractual rights pursuant to Hoolahan's Employment Agreement and RAA; (2) aiding and abetting Hoolahan in breaching his fiduciary duties and duty of loyalty to OnTrac; and (3) using, accessing, disclosing, or relying on OnTrac's trade secrets, including without limitation any files, data, or information Hoolahan (i) provided or shared in any manner with SpeedX relating to OnTrac's business, customers, or operations; and/or (ii) has in his possession relating to OnTrac's business, customers, or operations.

4. Subject to and conditioned upon entry of a mutually agreed upon protective order, the Parties shall be permitted to engage in limited expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) as follows:

    a. Within 10 business days of the date of this Order, each Party may serve no more than 10 Interrogatories and 10 Requests for Production of Documents upon another Party. The Party upon whom such written

     discovery is propounded shall respond within 20 days of service of the written discovery;

  b. Pursuant to Rule 30(b)(6), Hoolahan and SpeedX may take the deposition of an OnTrac corporate representative of not more than a combined total of three hours in length.

  c. Pursuant to Rule 30(b)(6), OnTrac and Hoolahan may take a deposition of SpeedX's corporate representative of not more than a combined total of three hours in length.

  d. The Parties maintain the right to seek leave from the Court for additional time for depositions during expedited discovery for good cause shown.

5. The Parties reserve all rights, including, but not limited to, to request a preliminary injunction or an extension/dissolution of the Stipulated TRO at the close of expedited discovery. Defendants maintain all defenses and reserve their rights to oppose any such application for an extension of the TRO.

6. This Order and the Stipulated TRO shall take effect immediately and shall remain in effect for the later of 28 days of the date of this Order or the date on which the expedited discovery described in Section 4 is completed, unless earlier dissolved by the Court.

7. The July 24, 2025, hearing in this matter shall be vacated in light of the Parties' stipulation herein.

| | |
|---|---|
| Respectfully submitted, | Respectfully Submitted, |
| /s/ Lisa M. Casa<br>FORCHELLI DEEGAN TERRANA LLP | /s/ Tyler A. Sims<br>LITTLER MENDELSON, P.C. |
| Lisa M. Casa<br>lcasa@forchellilaw.com<br>Gregory S. Lisi (*pro hac vice* to be filed)<br><br>333 Earle Ovington, Suite 1010<br>Uniondale, New York 11553<br>Basking Ridge, NJ 07920<br>Telephone: 516.248.1700<br><br>*Attorneys for Defendant Speed Xpress, Inc.*<br><br>Dated: July 21, 2025 | Tyler A. Sims<br>tsims@littler.com<br>One Newark Center<br>8th Floor<br>Newark, New Jersey 07102<br>Telephone: 973.848.4700<br><br>Jeremy D. Sosna, MN Bar No. 290233<br>jsosna@littler.com<br>(*pro hace vice* motion pending)<br>Taylor R. McKenney, MN Bar No. 400905<br>tmckenney@littler.com<br>(*pro hace vice* motion pending)<br>1300 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402.2136<br>Telephone: 612.630.1000<br><br>*Attorneys for Plaintiffs*<br><br>Dated: July 21, 2025 |

Based upon the Stipulation of the Parties above, and based upon all of the files and proceedings herein, **IT IS SO ORDERED** this 21st day of July, 2025.

_____
HON. RENEE MARIE BUMB, U.S.D.J.